Ben A. Snipes
Ross T. Johnson
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 761-5595
ben@mttriallawyers.com
ross@mttriallawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| JOHN FOLSOM, | ) CAUSE NO. CV-20-30-GF-BMM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **FIRST AMENDED COMPLAINT** |
| | ) **AND JURY DEMAND** |
| YDOC LAND & LIVESTOCK, LLC; | ) |
| JOHN M. AMES; and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

_____

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against Defendants, alleges as follows:

**PARTIES**

**1.**

Plaintiff, John Folsom, is a citizen of the United States and Canada.  At the time of the filing of this Complaint, Plaintiff resides in Canada.

**2.**

Defendant YDOC Land & Livestock, LLC ("YDOC"), is a for-profit limited liability company organized under the laws of Montana, and conducting business in Valley County, Montana.

**3.**

Defendant John M. Ames ("Ames") is an individual and resident of Gallatin County, Montana. Ames is also a managing member of YDOC. YDOC and Ames are collectively referred to herein as Defendants.

**4.**

The true names and capacities of the Defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to state the true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

**5.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000, exclusive of interest and costs.

**6.**

Plaintiff is a resident of Alberta, Canada, and Defendants are residents of Montana.

**7.**

Plaintiff seeks damages which substantially exceed $75,000.

**8.**

Venue is proper in the Great Falls division of this Court because the contract was to be performed in Valley County, within the Great Falls Division.

## GENERAL ALLEGATIONS

**9.**

In November of 2016, Ames and Plaintiff met to discuss Plaintiff's prospective employment at YDOC as the ranch manager for YDOC's agricultural operation located in Valley County. Over the course of several weeks, Ames and Plaintiff discussed Plaintiff's role and prospective interest in becoming part of the business.

**10.**

The discussions culminated into an agreement. On or about December 23, 2016, Defendants and Plaintiff entered into a formal contract ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

**11.**

Pursuant to the terms of the Agreement, beginning January, 2017, Plaintiff was to be paid $72,000 annually to act as the Ranch Manager overseeing the cattle portion of the operation.

**12.**

Plaintiff was promised cash bonuses for successful impregnation percentages, successful calving percentages, and a 10% bonus of net income from feed lot operation. Exhibit 1.

**13.**

Plaintiff and his family were given housing in a six-bedroom house which included payment of basic utilities, and Plaintiff was also allowed to maintain four horses on YDOC property at no charge for pasture and hay.

**14.**

In addition to the other benefits promised, Plaintiff would also gain "1% ownership in YDOC per year employed up to 15%." If Plaintiff left or was

terminated before five full years of employment, Plaintiff's ownership would not be vested.

### 15.

Prior to Plaintiff's execution of the Agreement, Ames represented to Plaintiff that YDOC owned thousands of acres of agricultural property in Valley County. Ames drove Plaintiff around showing him the land that Ames represented as being owned by YDOC. However, subsequent to executing the Agreement, Plaintiff discovered YDOC's holdings are considerably less than Ames represented. The thousands of acres Ames stated were owned by YDOC, are in fact personally owned by Ames.

### 16.

The opportunity to acquire partial ownership of "thousands of acres" of agricultural land was a material inducement for Plaintiff entering the Agreement upon which Plaintiff relied.

### 17.

In 2017, 94% of cows were successfully impregnated, entitling Plaintiff to a cash bonus of $2,210 ($5 per cow x 442 cows impregnated). Also, in 2017, Plaintiff was entitled to $5589.81 as a bonus from the feed lot operation. Plaintiff was never paid these bonuses.

**18.**

In 2018, 94% of cows were, again, successfully impregnated, entitling Plaintiff to a cash bonus of $2,510 ($5 per cow x 502 cows impregnated). Also in 2018, 95% of the calves born survived six months or more, entitling Plaintiff to a cash bonus of $4,600 ($10 per calf x 460 calves). Plaintiff was never paid these bonuses.

**19.**

While Plaintiff worked for Defendants, he was recognized as an excellent employee.

**20.**

During his tenure, Plaintiff was promoted several times, and by the time of his termination he was making approximately $96,000 as the General Manager of the ranch.

**21.**

In furtherance of his job, Plaintiff personally paid company expenses that he has yet to be reimbursed for.

**22.**

In December, 2019, Plaintiff was informed by Ames that it was time for the parties to part ways. Plaintiff's termination came with no warning, no prior disciplinary action, and with no reason for his termination.

**23.**

The company handbook does not provide for any internal procedures for disputing a termination.

**24.**

After his termination, Plaintiff, his wife, and their five children were forced to vacate their home within 30 days.

**25.**

Plaintiff has incurred significant damages as a result of Defendants' breach of contract, wrongful termination, and misrepresentations.

**26.**

Ames committed torts personally and on behalf of YDOC.

**27.**

Ames is the only member/manager of YDOC.

**28.**

Ames is the alter ego, instrumentality, and/or agent of YDOC.

**29.**

Ames used YDOC as a subterfuge to defeat public convenience, justify wrongdoing, and perpetuate fraud as herein alleged.

**30.**

Defendants' conduct constitutes intentional or reckless misrepresentation, fraud, deceit, malice, and/or concealment of material facts known to Defendants with intentional or reckless disregard so as to justify an award of exemplary and punitive damages.

## COUNT 1 - PROMISSORY ESTOPPEL

## (YDOC and Ames)

**31.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

**32.**

Ames clearly and unambiguously promised Plaintiff ownership in YDOC.

**33.**

Ames represented YDOC as an expansive farming and ranching enterprise stemming thousands of acres throughout Montana.

**34.**

Plaintiff relied on the promises made by Ames as to the size and scale of YDOC as well as Plaintiff obtaining ownership in YDOC.

**35.**

It was reasonable and foreseeable that Plaintiff would rely on Ames' representations regarding the size and scale of YDOC as well as Plaintiff obtaining ownership in YDOC.

**36.**

Plaintiff was injured by the reliance, and seeks damages commensurate with the true size and scale of YDOC as represented by Defendants, as well as incidental and consequential damages.

## COUNT 2 - BREACH OF CONTRACT

**(YDOC and Ames)**

**37.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

**38.**

Plaintiff's original employee contact is evidenced in writing per the benefits letter dated December 23, 2016.  Exhibit 1.  This contract was verbally modified in accordance with Montana Law, as Plaintiff was promoted.

**39.**

Defendants breached the terms of this contract by failing to perform the contract pursuant to the parties' agreed-upon terms.

**40.**

Plaintiff suffered damages as a result of this breach, including unpaid bonuses, unreimbursed expenses, and ownership interest in the ranch wrongfully taken away from him.

**41.**

Defendants' breach also caused Plaintiff incidental damages.

## COUNT 3 - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(YDOC and Ames)**

**42.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

**43.**

Every contract contains an implied covenant of good faith and fair dealing.

**44.**

Defendants breached the implied covenant in relation to the Agreement and/or implied Agreement causing damages in an amount to be determined at trial.

# COUNT 4 - CONSTRUCTIVE FRAUD/FRAUDULENT INDUCEMENT

## (YDOC and Ames)

**45.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

**46.**

YDOC and Ames made representations to Plaintiff about the size of the ranch and Plaintiff's likelihood of obtaining an ownership percentage that they knew were false and misleading.

**47.**

YDOC and Ames concealed material facts about the true assets of YDOC.

**48.**

YDOC and Ames' misrepresentations were made with the purpose of luring Plaintiff to work for YDOC and intended Plaintiff rely upon those misrepresentations.

**49.**

YDOC and Ames had no intention of ever honoring their commitment to share ownership with Plaintiff.

**50.**

Plaintiff, trusting Defendants, relied upon Defendants' misrepresentations.

**51.**

Defendants' conduct constitutes constructive fraud and/or fraudulent inducement, causing Plaintiff damages in an amount to be determined at trial.

## COUNT 5 - NEGLIGENT MISREPRESENTATION

### (YDOC and Ames)

**52.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

**53.**

Defendants negligently misrepresented the terms of the Agreement and size and scope of YDOC's operation, causing damages to Plaintiff in an amount to be determined at trial.

## COUNT 6 - INTENTIONAL MISREPRESENTATION

### (YDOC and Ames)

**54.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

**55.**

Defendants made intentional misrepresentations to Plaintiff regarding the terms of the Agreement and the size and scope of YDOC's operation. Plaintiff justifiably relied upon those misrepresentations to his detriment.

**56.**

Plaintiff has been damaged by such intentional misrepresentations in an amount to be determined at trial.

## COUNT 7 - DECEIT

### (YDOC and Ames)

**57.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

**58.**

Defendants' conduct constitutes deceit, causing damages in an amount to be proven at trial.

## COUNT 8 - WRONGFUL DISCHARGE FROM EMPLOYMENT

### (YDOC)

**59.**

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 58 as though fully set forth herein.

**60.**

At all times relevant hereto, Plaintiff satisfied the work expectations of YDOC.

**61.**

Plaintiff was never formally reprimanded for any issues regarding his employment at YDOC.

**62.**

The Agreement specified that Plaintiff would be paid $96,000 annually, provided housing, bonuses, health insurance, a company vehicle, as well as an ownership interest in YDOC.

**63.**

Ames discharged Plaintiff without good cause and without a legitimate business reason for doing so.

**64.**

Defendants' actions as herein alleged constitute a wrongful discharge from employment pursuant to § 39-2-904, MCA.

**65.**

No probationary period was established.

**66.**

No post-termination grievance procedures were established or provided to Plaintiff.

## 67.

As a result of Defendants' wrongful conduct, Plaintiff incurred damages allowable under § 39-2-905, MCA, including lost wages, lost benefits, costs of relocation, and prejudgment interest.

## COUNT 9 - NEGLIGENCE

## (YDOC and Ames)

## 68.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 67 as though fully set forth herein.

## 69.

Defendants owed a duty of reasonable care to Plaintiff to competently supervise, direct, control, oversee, and/or understand their operations as they related to Plaintiff and the Agreement.

## 70.

Defendants negligently failed to act reasonably in their operations and dealings with Plaintiff, causing damages in an amount to be determined at trial.

## PUNITIVE AND EXEMPLARY DAMAGES

## 71.

Defendant's unlawful acts and omissions were willful, reckless, and malicious. Although Defendants knew that their acts and omissions created a high probability

of harm to Plaintiff and others, it nevertheless deliberately acted in conscious disregard for and indifference to such risk. Such conduct justifies imposition of punitive or exemplary damages in a sufficient amount to punish Defendants and to serve as a warning to other legal entities similarly situated.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Judgment in Plaintiff's favor and against Defendants for all damages caused by Defendants' actions and conduct as proven at trial;

2. For punitive and exemplary damages;

3. For costs and disbursements incurred herein, pre-and-post judgment interest, disbursements, and attorney fees as allowed by law; and,

4. For such other and further relief as the Court may deem just.

DATED this 7th day of May, 2020.

KOVACICH SNIPES JOHNSON, P.C.

By: /s/ Ross T. Johnson
Ross T. Johnson
P.O. Box 2325
Great Falls, MT 59403
Attorneys for Plaintiff